IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY M. AUTRY, JR.,                )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )    Civil Case No.  08-695-WDS-PMF
                                      )
UNITED STATES OF AMERICA,             )
et al.,                               )
                                      )
        Defendants.                   )

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for leave to amend (Doc. No. 27). The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a district court need not afford an opportunity to amend if it finds that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir.1993).

Autry seeks to dismiss his Federal Tort Claims Act claim and replace it with a *Bivens*-type claim regarding the conditions of his confinement at FCI-Butner.[1] The proposed Amended Complaint alleges that items of plaintiff's personal property placed in the care of Jimmy Harden were stolen by Harden or someone acting with Harden's knowledge and permission between April 3 and July 6, 2007. Plaintiff claims that Harden's acts violated rights protected by the First, Fifth, and Eighth Amendments.

The allegations in the Amended Complaint are adequate to suggest that plaintiff was deprived of items of personal property in violation of rights protected by the Fifth Amendment's

---

[1] Plaintiff concedes that his FTCA claim is barred by the Supreme Court's decision in *Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831 (2008).

Due Process Clause. *See Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).[2] Accordingly, leave to amend to assert a Fifth Amendment claim is allowed. However, proposed claims based on the First Amendment (religious expression), the Eighth Amendment (cruel & unusual punishment), and the Fourteenth Amendment (equal protection of the law) are futile. The allegations in the Amended Complaint do not describe restrictions on plaintiff's ability to exercise his sincere religious beliefs, cruel and unusual punishment, or purposeful discrimination.

Plaintiff's motion for leave to amend (Doc. No. 27) is GRANTED in part and DENIED in part. Plaintiff may proceed on a *Bivens*-type due process claim against Jimmy Harden. The Clerk is DIRECTED to electronically file the Amended Complaint and substitute Jimmy Harden as the sole defendant.

The motion to dismiss was directed to the Federal Tort Claims Act claim. That motion (Doc. No. 25) is now MOOT.

While this Court has subject matter jurisdiction over plaintiff's *Bivens* claim pursuant to 28 U.S.C. § 1331, it does not appear that this Court can exercise personal jurisdiction over the new defendant, Jimmy Harden. Accordingly, within 30 days, plaintiff shall show cause why his claim against Jimmy Harden should not be dismissed without prejudice for lack of personal jurisdiction or transferred to the United States District Court for the Eastern District of North Carolina.

**SO ORDERED:   December 29, 2008   .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Due process claims often fail at the pleading stage because the property owner has an adequate post-deprivation remedy. At this time, the Court declines to evaluate the adequacy of plaintiff's post-deprivation remedy.