IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3092-FL

| | |
|---|---|
| JOHNNY MAC AUTRY, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JIMMY HARDEN, | ) |
| Defendant. | ) |

This matter comes before the court on the motion to dismiss or, in the alternative, for summary judgment (DE # 44) filed by defendant Jimmy Harden.[1] Plaintiff did not respond to this motion, and the issues raised therein are now ripe for adjudication. For the following reasons, the court grants defendant's motion.

## STATEMENT OF THE CASE

On April 9, 2008, plaintiff Johnny Mac Autry, Jr. filed this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672 et seq., against the United States of America and the Federal Bureau of Prisons ("BOP"), in the United States District Court for the District of Columbia. Plaintiff alleged that corrections officers acted with negligence and lost his personal property while he was detained in the Special Housing Unit. On September 3, 2008, the United States District Court for the District of Columbia entered an order transferring the action to the United States District Court for the Southern District of Illinois.

---

[1] Because the parties attached matters which are outside of the pleadings, the motion is construed as one seeking summary judgment.

Upon transfer, the United States moved to dismiss plaintiff's complaint on the grounds that 28 U.S.C. § 2680(c) bars a tort claim for lost property held in the custody of the BOP. In response to the government's motion to dismiss, plaintiff filed a motion to amend his complaint, requesting that the court dismiss his FTCA claim and convert his action to a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's proposed amended complaint alleged that defendant Harden deprived him of his personal property in violation of the First, Fifth, and Eighth Amendments of the United States Constitution.

On December 29, 2008, the United States District Court for the Southern District of Illinois entered an order allowing plaintiff to dismiss his FTCA claim and substitute defendant Harden as the sole defendant in this action. The court allowed plaintiff to proceed with his Fifth Amendment due process claim, but found that his claims pursuant to the First, Eighth, and Fourteenth Amendments were futile, and dismissed those claims. Finally, because the court found that it could not exercise personal jurisdiction over defendant, it transferred the action to this court.

On October 15, 2009, this court conducted a frivolity review of plaintiff's action and allowed it to proceed. On January 28, 2010, defendant filed the instant motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies. Although he was notified of defendant's motion, plaintiff failed to file a response.

### DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Defendant contends that plaintiff has failed to exhaust his administrative remedies before filing this action, as required by the Prison Litigation Reform Act of 1996 ("PLRA"). See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . any . . . Federal law . . . until such administrative remedies as are available are exhausted."); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (noting that exclusion is mandatory); Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) (per curiam) (unpublished) ("Pursuant to § 1997e(a), the exhaustion requirement is applicable to Bivens claims."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). Failure to exhaust is an affirmative defense that must be pleaded and proven by defendant. Jones v. Bock, 549 U.S. 199, 216 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden. See 28 C.F.R. § 542.14. If an inmate is dissatisfied

with the Warden's response, he may then appeal to the BOP's Regional Director, and then to the BOP's General Counsel. See 28 C.F.R. § 542.15.

In this case, the record reflects that plaintiff properly exhausted his administrative remedies for his FTCA claim through a separate procedure, codified at 28 C.F.R. § 543.31. However, plaintiff has failed to properly exhaust his Bivens claim through the four-step procedure described above. Compliance with the FTCA grievance procedure is insufficient to properly exhaust a Bivens claim. See Brockett v. Parks, 48 F. App'x 539, 540 (6th Cir. 2002) (per curiam) (unpublished); cf. Jones, 549 U.S. at 219-24 (holding that where a "prisoner has failed to exhaust some, but not all, of the claims asserted in the complaint[,]" the court should dismiss only the unexhausted claims); Woodford, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...."). Accordingly, defendant's motion is GRANTED, and the action is DISMISSED without prejudice.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or, in the alterative, for summary judgment (DE # 44) is GRANTED, and plaintiff's action is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the ___ day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:09-ct-03092-FL   Document 47   Filed 07/02/10   Page 4 of 4